UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CHRISTOPHER MICHAEL JOHNSON**                              **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 4:21-CV-P37-JHM**

**NURSE RITA**                                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss two claims and allow one claim to proceed.

**I.**

Plaintiff is incarcerated at the Grayson County Detention Center (GCDC). He brings this action against "Nurse Rita" in both her official and individual capacities.

Plaintiff alleges that, since he has been incarcerated at GCDC, Defendant Nurse Rita "has deprived me of receiving my prescribed medications from my Orthopedic – Brian H. Mullis, M.D. and my Neurology Doctor Christopher W. James, M.D." Plaintiff specifically alleges that Nurse Rita "has refused me their plan of treatment and do to this I've been suffering in excruciating Constant unbearable pain. She has also has refused me my therapy Appointments." Plaintiff continues:

> My plan of medical treatment was provided to me by both of my Doctors from being shot several times by the I.M.P.D. SWAT Team I have a permanent foot injury I am handy cap for the rest of my life I have Neuropathy Constant Nerve and Chronic Pain. . . . I am being refused my 1200 mgs of Gapapenin 3 times a day and 40 mgs of Roxycodon every 4 hours.

Plaintiff also alleges that Nurse Rita has forwarded "some of my medical Documents to the U.S. Marshalls without my permission."

As relief, Plaintiff seeks damages and injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting a Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs and a Fourteenth Amendment right to privacy claim.

### A. Fourteenth Amendment Deliberate Indifference to Serious Medical Needs

#### 1. Official-Capacity Claim

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff indicates that Nurse Rita is employed by GCDC, which means she is employed by Grayson County.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that any harm he suffers is the result of a custom or policy implemented or endorsed by Grayson County. Thus, the Court will dismiss the official-capacity claim against Nurse Rita for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claim

Based upon Plaintiff's allegations, the Court will allow a Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Nurse Rita in her individual capacity. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### B. Fourteenth Amendment Right to Informational Privacy[1]

The Court next turns to Plaintiff's claim that Nurse Rita violated his constitutional rights by "forward[ing] some of [his] medical documents to the U.S. Marshalls without [his] permission."

The Sixth Circuit narrowly applies the right to informational privacy "only to interests that implicate a fundamental liberty interest." *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998). The Sixth Circuit has limited such a violation to only two instances: (1) where the release of personal information could lead to bodily harm, as in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998) (dissemination of undercover officers personnel file to members of violent street gang some of whom officers testified against at trial); and (2) where the

---

[1] The right to informational privacy arises from the Fourteenth Amendment. *Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010). Although Plaintiff also cites to the Fourth Amendment with respect to this claim, "[t]he right to nondisclosure of one's medical information emanates from a different source and protects different interests than the right to be free from unreasonable searches and seizures." *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001).

information released was of a "sexual, personal, and humiliating nature," as in *Bloch*, 156 F.3d at 684 (nonconsensual disclosure at press conference of details of plaintiff's rape).

The alleged disclosure of Plaintiff's medical information does not meet either of these circumstances. *See, e.g., Lee v. City of Columbus*, 636 F.3d 245, 261 (6th Cir. 2011) ("[U]nder our interpretation of privacy rights, we have not yet confronted circumstances involving the disclosure of medical records that, in our view, are tantamount to the breach of a 'fundamental liberty interest' under the Constitution."); *Coleman v. Martin*, 63 F. App'x 791, 792 (6th Cir. 2003) (dissemination of prisoner's mental health records to parole board does not state a claim for relief under § 1983); *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995) (disclosure of rape victim's medical records to an inmate did not violate her constitutional privacy rights); *Holden v. Mich. Dep't of Corr.*, No. 1:12-cv-284, 2012 U.S. Dist. LEXIS 84103, at *14 (W.D. Mich. June 18, 2012) (no Fourteenth Amendment violation where plaintiff alleged that prison employee disclosed his HIV status to other prison officials and inmates); *Reeves v. Engelsgjerd*, No. 04-71411, 2005 U.S. Dist. LEXIS 38248, at *12 (E.D. Mich. Dec. 23, 2005) (doctor did not violate prisoner's constitutional rights by discussing his medical condition with non-medical staff and in front of other inmates).

Thus, finding no constitutional violation in the alleged disclosure of Plaintiff's medical information, the Court will dismiss Plaintiff's Fourteenth Amendment informational privacy claim against Nurse Rita.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Fourteenth Amendment official-capacity claim for deliberate indifference to his serious medical needs and his Fourteenth Amendment claim based upon the right to informational privacy are **DISMISSED**

pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the claim it has allowed to proceed.

Date: April 19, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
    Grayson County Attorney
4414.011