UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00037-JHM

CHRISTOPHER MICHAEL JOHNSON                                                              PLAINTIFF

V.

NURSE RITA                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [DN 23-1]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's Motion is GRANTED.

**I. BACKGROUND**

Mr. Christopher Michael Johnson, Plaintiff, brought this *pro se* civil rights action against Nurse Rita (correctly known as "Rita Wilson") pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated at Grayson County Detention Center ("GCDC") from September 28, 2020 to sometime before early May of 2021. Plaintiff alleges that Ms. Wilson violated his constitutional rights while he was incarcerated at GCDC by deliberately withholding certain medicines from him. This Court dismissed Plaintiff's official capacity claims against Wilson in its Memorandum Opinion and Order dated April 19, 2021 but allowed his Fourteenth Amendment claim for deliberate indifference to a serious medical need to proceed against Wilson in her individual capacity. [DN 17].

Plaintiff claims that he is supposed to take 1200 mgs of Gabapentin three times a day and 40 mgs of Roxicodone every four hours. *Id.* He alleges that he has prescriptions for these two drugs from his Orthopedic, Brian H. Mullins, M.D. and his neurology doctor, Christopher W.

1

James, M.D. *Id.* Plaintiff has taken these drugs in the past to relieve pain from an old gunshot wound to his left heel, most recently at Marion County Jail, where he was incarcerated before his transfer to GCDC.

When Plaintiff was transferred to GCDC, he immediately requested that these drugs be provided to him, and alleges that Ms. Wilson, a nurse at the jail, refused his request. As a result, Plaintiff says that he is in excruciating, constant pain. *Id.* Ms. Wilson and prison staff told Plaintiff that (1) Gabapentin and Roxycodone were absent from the list of drugs actively being given to him as reflected by Marion County Jail's transfer documents, (2) there were no outside medical appointments currently scheduled that the U.S. Marshalls Service had approved, (3) there were no active prescriptions for these medications, and, (4) even if there were, both drugs are listed as controlled substances under Kentucky law, thus barring GCDC from providing them to any of its inmates. [DN 23-1]. Ms. Wilson contacted Marion County Jail to confirm that the list of medications for Plaintiff was exhaustive and included each of his active medications, which it did. [DN 23-2; DN 23-4]. Accordingly, instead of giving Plaintiff the drugs he requested, Ms. Wilson gave Plaintiff a physical examination and, despite her impression that he did not exhibit any signs or symptoms of discomfort, provided him with an appropriate substitute medication for his nerve pain. [DN 23-1 at 8; DN 23-2]. Ms. Wilson also helped Plaintiff obtain compression socks and a heel cup to help alleviate his foot pain. [DN 23-9.]

Plaintiff's Response includes exhibits which show a few key points. First, the last record of him being given Gabapentin at Marion County Jail was June 3, 2019. [DN 28-4 at 216]. Second, he obtained a doctor's note from Dr. Karl Shively dated September 18, 2020, just before he began his stint of incarceration at GCDC, in which Dr. Shively wrote that he thought it would be "reasonable" to restart Plaintiff on Gabapentin and Naproxen at that time given their prior success

in controlling his symptoms. [DN 28-3]. Defendant responded that the note from Dr. Shively does not constitute a prescription, as is necessary under GCDC policy.

In its Motion for Summary Judgment, Defendant argues that Plaintiff has failed to provide any evidence that could support a rational jury finding in his favor. Defendant reiterates that the drugs requested by Plaintiff were not on his list of active medications sent by Marion County Jail, that Plaintiff did not have an order for Gabapentin or for outside medical treatment, and that, even if he had, the drugs at issue are prohibited as controlled substances in Kentucky. *See* DN 23-1; DN 23-7. Defendant also underscores that Ms. Wilson, the sole Defendant in this case, is powerless as a registered nurse to either write prescriptions or refer inmates to outside medical appointments.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of

materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

A prisoner bringing a claim of deliberate indifference must satisfy two requirements to succeed. First is the objective requirement, in which he must show that his allegedly deprived medical needs were "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement, the subjective one, requires the Plaintiff to show that the Defendant Wilson acted with a "sufficiently culpable state of mind." *Id*. Mere negligence, or a doctor's errors in medical judgment, is not enough to constitute deliberate indifference under the Fourteenth Amendment. *See Rhinehart v. Scutt*, 894 F.3d 721, 736–38 (6th Cir. 2018). Rather, this subjective requirement "follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834. This state of mind required is "equivalent to criminal recklessness" and exempts good faith attempts to provide reasonable medical care. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). Under the subjective standard, a prison official cannot be liable unless he or she "knows of and [consciously] disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Plaintiff has provided enough evidence to show a genuine dispute that his medical needs are sufficiently serious, as he has clearly suffered some degree of pain in his left heel in the past. However, Ms. Wilson's conduct cannot rationally be described as "wanton" or reckless as to a medical need of Plaintiff that she knew of. For starters, Ms. Wilson is not a doctor. She is a registered nurse and thus lacked the authority to issue drugs to Plaintiff. She cannot write

prescriptions or make recommendations about which medications Plaintiff should receive. Ms. Wilson not only followed the list of active drugs sent over by Marion County Jail when Plaintiff was transferred to GCDC, which made no mention of Plaintiff taking Gabapentin or Roxycodone, but contacted Marion County Jail to confirm that the list included all of Plaintiff's active medications. [DN 23-2]. Further, Plaintiff had no valid prescription for these drugs when he was incarcerated at GCDC. Because these drugs are controlled substances under Kentucky law, neither Ms. Wilson nor any other official at GCDC had authority to give these medications to Plaintiff outside of a legitimate prescription for pain relief usage. The September 18 note from Dr. Shively does recommend restarting Plaintiff on Gabapentin, but this did not act as a prescription order. Additionally, the U.S. Marshalls never gave Ms. Wilson any information regarding specific medical care that Plaintiff must receive from an outside medical provider, which is their responsibility when a valid prescription exists for a prisoner.

      Ms. Wilson performed a physical evaluation of Plaintiff, and, although she did not detect any discomfort, she followed through in helping Plaintiff receive an adequate substitute for Gabapentin, in addition to other medical treatment for his heel. [DN 23-2]. She acted reasonably under the circumstances and with the information available to her, especially considering that she detected no serious medical need during her evaluation. Plaintiff has not shown the Court any valid prescriptions for these drugs during his time of incarceration at GCDC—the only records he provides are evidence that he took Gabapentin in years prior to his time at GCDC and prescriptions pre-dating and post-dating his stint at GCDC. [DN 28-3]. Nevertheless, even if Plaintiff had an active prescription for these drugs, GCDC staff were not permitted to provide them to Plaintiff due to their controlled status in Kentucky. [DN 23-7]. Plaintiff has shown no genuine dispute that Ms. Wilson acted with the requisite *mens rea*—deliberate indifference or criminal recklessness—to his

medical needs based on the information available to her. Accordingly, he has failed to meet his burden of production at this stage of the litigation and summary judgment is warranted.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [DN 23-1] is GRANTED and Plaintiff's Motion for Summary Judgment [DN 22] is DENIED.

Joseph H. McKinley Jr., Senior Judge
United States District Court

December 13, 2021

cc: Counsel of Record
Plaintiff, *pro se*